IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA<br>1 Tower Square 2MS<br>Hartford, CT 06183,<br>　　　　Plaintiff,<br><br>　　v.<br><br>STOCKBERGER TRUCKING CO., INC.<br>7991 Lilac Road<br>Plymouth, IN 46563,<br>　　　　Defendant | Case No. 2:23-cv-00179<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

Plaintiff, by and through the undersigned counsel, hereby demands judgment against the Defendant and complains against them as follows:

### THE PARTIES

1. Plaintiff, Travelers Casualty and Surety Company of America, is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut at the address set forth above.

2. At all times relevant hereto, Plaintiff provided insurance coverage to Smith Ready Mix, Inc., an Indiana corporation with its principal place of business in Valparaiso, Indiana.

3. Defendant, Stockberger Trucking Co., Inc. is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at the address set forth above.

## JURISDICTION AND VENUE

4. This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332, as the matter involves a dispute between corporations of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 (a) as a substantial part of the events or omissions giving rise to this action occurred in this jurisdiction and a substantial part of the property that is the subject of this action is situated in this jurisdiction.

## STATEMENT OF FACTS

6. On or before June 4, 2021, Defendant and Plaintiff's insured conducted business together and, pursuant to such, Defendant sent Plaintiff's insured invoices requesting that Plaintiff's insured pay for the goods/services provided by Defendant.

7. Additionally, on or before June 4, 2021, Defendant allowed its email and/or computer system to be improperly accessed and/or otherwise compromised by one or more unauthorized individuals acting with malintent ("bad actors").

8. On or before June 4, 2021, the bad actors used information gained from the compromise of Defendant's email and/or computer system to pose as Defendant while communicating with Plaintiff's insured regarding the invoices Defendant had previously requested Plaintiff's insured pay.

9. On or before June 4, 2021, the bad actors fraudulently instructed Plaintiff's insured in a deceptive manner to pay the invoices by wiring money to a specific bank account that was not actually associated with Defendant.

10. The bad actors implied and represented to Plaintiff's insured that the bank account to which the monies would be wired belonged to Defendant, when in fact, it was controlled by the bad actors.

11. Plaintiff's insured had no reason to suspect that Defendant had allowed such bad actors to improperly access Defendant's email account and, therefore, Plaintiff's insured believed it was communicating with Defendant, and that the bank account belonged to Defendant.

12. On May 17, 2021 and May 28, 2021, Plaintiff's insured made two separate wire transfers, totaling $133,125.36 to the bank account controlled by the bad actors.

13. On June 4, 2021, Plaintiff's insured became aware of the fraud when it was discovered that such payments were not received by Defendant. However, by that point, the wired funds were withdrawn and irretrievable.

14. Plaintiff's insured subsequently submitted an insurance claim to Plaintiff for the loss of such funds and, upon payment of said claim, Plaintiff became subrogated to the rights of its insured to seek recovery of the funds from any responsible party to extent of said payments. Additionally, Plaintiff's insured assigned to Plaintiff its rights to seek recovery of its self-insured retention and uninsured losses.

## **COUNT I - NEGLIGENCE**

15. The Defendant owed Plaintiff's insured a duty to use, maintain, and secure its computer and email systems in a reasonable manner so as to not harm Plaintiff insured.

16. It was foreseeable to Defendant that the failure to properly and securely use and maintain its computer and email systems could create an unreasonable risk of harm to Plaintiff's insured, and/or others with whom Defendant communicated with regularly in the course of its business concerning payment of monies.

17. Defendant breached this duty through its employees, agents, servants, technicians, vendors, and/or subcontractors by the following negligent acts or omissions:

   a. failing to prevent bad actors from improperly accessing and commandeering its computer and email systems;

   b. failing to install or employ adequate security mechanisms, safeguards, or protocols so as to prevent bad actors from improperly accessing and compromising its computer and emails systems;

   c. failing to adequately instruct those with access and management rights to such systems how to properly use, maintain, and secure such systems in a safe and appropriate manner;

   d. failing to warn Plaintiff's insured and others that its computer and email systems were improperly accessed or compromised;

   e. otherwise failing to prevent the bad actors from using its computer and email systems to perpetrate this scheme against Plaintiff's insured when Defendant was in the best position to prevent it.

18. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff's insured sustained and incurred a loss of $133,125.36.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgement in its favor and against the Defendant for damages in an amount of $133,125.36, together with interest, costs and such other relief as this Honorable Court deems appropriate under the circumstances.

TRAVELERS STAFF COUNSEL INDIANA

Dated: May 31, 2023    By: */s/ Francis A. Veltri*
**FRANCIS A. VELTRI** (#27495-64)
P. O. Box 64093
St. Paul, MN 55164-0093
Ph: (219) 736-2185
fveltri@travelers.com

**de LUCA LEVINE LLC**

Dated: May 31, 2023    BY:
**KENNETH T. LEVINE**
(not admitted, but will seek *pro hac vice* admission)
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
Ph: (215) 588-5085 / Fax: (215)-383-0082
klevine@delucalevine.com