UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 2:23 CV 179<br>) |
| STOCKBERGER TRUCKING CO. INC., | )<br>) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant Stockberger Trucking Co., Inc.'s motion to dismiss for lack of subject matter jurisdiction. (DE # 12.) For the reasons that follow, defendant's motion is denied.

I.      BACKGROUND

Plaintiff Travelers Casualty and Surety Company of America, filed the present negligence action against defendant, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (DE # 1.) Plaintiff is the insurer of Smith Ready Mix, Inc., a non-party to this action. (*Id.* at 1.) Plaintiff alleges that defendant negligently allowed its computer system to be improperly accessed by unauthorized individuals, who then used information gained from the compromise of defendant's email and/or computer system to pose as defendant and invoice Smith Ready Mix. (*Id.*) Smith Ready Mix subsequently transferred a total of $133,125.36 to these unauthorized individuals. (*Id.* at 2.) When it

became aware of the fraud, Smith Ready Mix submitted an insurance claim to plaintiff for the loss of funds. (*Id.* at 3.)

Plaintiff's complaint alleges that, upon payment of Smith Ready Mix's insurance claim, "plaintiff became subrogated to the rights of its insured to seek recovery of the funds from any responsible party to the extent of said payments. Additionally, Plaintiff's insured assigned to Plaintiff its rights to seek recovery of its self-insured retention and uninsured losses." (*Id.* at 3.)

Plaintiff is a citizen of Connecticut, and defendant is a citizen of Indiana. (*Id.* at 1.) Smith Ready Mix is a citizen of Indiana. (*Id.*)

Defendant filed the present motion to dismiss, arguing that this court cannot ascertain whether the exercise of subject matter jurisdiction is proper based on plaintiff's pleadings. (DE # 12.) This matter is fully briefed and is ripe for ruling.

## II.     LEGAL STANDARD

The question of subject matter jurisdiction falls under Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion can present either a facial or factual challenge to subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebucks & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). A facial attack is a challenge to the sufficiency of the pleading itself. *Id.* at 443. When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 444. "In contrast, a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter

2

jurisdiction.'" *Id.* (internal citation omitted) (emphasis in original). "The law is clear that when considering a motion that launches a factual attack against jurisdiction, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (internal citation omitted). Here, defendant presents a factual challenge.

### III. DISCUSSION

The federal diversity jurisdiction statute states: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.". 28 U.S.C. § 1332. Furthermore, complete diversity of citizenship must exist. "This means no defendant may share the same state citizenship as any plaintiff." *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the complete diversity requirement is met. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir. 1997). Here, defendant argues that, based on the phrasing of two allegations in the complaint, it is not clear from the pleadings whether complete diversity exists. (DE # 13.)

First, defendant argues that the complaint's allegation that Smith Ready Mix assigned plaintiff its "rights to seek recovery of its self-insured retention *and uninsured losses*" (DE # 1 at 3 (emphasis added)), implies that plaintiff has only a partial subrogation of Smith Ready Mix's entire claim. (DE # 13 at 2.) Defendant points to the

3

fact that plaintiff ultimately paid Smith Ready Mix $100,000 on Smith Ready Mix's $133,125.36 loss. (DE # 20-1 at 1.) Defendant argues that, because plaintiff did not fully insure Smith Ready Mix's losses, it is possible that plaintiff has only a partial subrogation of the claim, and therefore Smith Ready Mix's citizenship is relevant in determining whether complete diversity exists. (DE # 13 at 2.)

Second, defendant points to plaintiff's allegation in the complaint that Smith Ready Mix "assigned to Plaintiff its *rights to seek recovery* of its self-insured retention and uninsured losses." (DE # 1 at 3 (emphasis added).) Defendant argues that this language is ambiguous because the right to *seek* recovery is not necessarily the same thing as the right *to* recovery, and thus this phrasing might also indicate that plaintiff only has a partial subrogation. (DE # 13 at 2.) Defendant argues that plaintiff may merely be seeking to recover the excess $33,125.36 loss, to pass it on to Smith Ready Mix, and in that case, Smith Ready Mix is the real party in interest pursuant to Federal Rule of Civil Procedure 17. (*Id.*)

In response, plaintiff submits a Release and Assignment agreement that was executed between plaintiff and Smith Ready Mix upon plaintiff's partial payment of Smith Ready Mix's claim. The agreement states that Smith Ready Mix agrees to assign to plaintiff, "all of its claims, rights, demands and causes of action against all persons, firms or corporations whomsoever arising out of or in any way connected with the Claim (the "*Claims and Rights*")." (DE # 20-2 (emphasis in original).) The agreement further states that plaintiff "shall have the right, in its sole and absolute discretion, to

4

determine for itself and the undersigned whether to pursue, compromise, settle, and/or abandon any of the assigned Claims and Rights[.]" (*Id.*) Furthermore, Smith Ready Mix agreed that it would be "bound by the Bond/Policy provisions relating to recovery (including, without limitation, the order of recovery provisions)[.]" (*Id.*) Counsel for plaintiff submitted an affidavit stating that Smith Ready Mix will not benefit financially from any recovery achieved in this case, even if there is a monetary recovery in excess of what it paid on Smith Ready Mix's claim. (DE # 20-1 at 2.)

Based on the evidence submitted by plaintiff, the court finds that Smith Ready Mix relinquished to plaintiff the entirety of its right to recovery based on its loss. Defendant's argument that plaintiff might be seeking to recover the excess $33,125.36 to then pass it on to Smith Ready Mix, is refuted by the language of the assignment agreement and plaintiff's counsel's affidavit stating that his client will retain any recovery achieved in this case.

Defendant's concern that Smith Ready Mix might later seek to recover its deductible directly from defendant, is dispelled by the language in the assignment agreement, which assigned to plaintiff any claim Smith Ready Mix had, against any person or entity, "arising out of or in any way connected with" its claim. Smith Ready Mix's claim totaled $133,125.36 (DE # 1 at 3), plaintiff paid $100,000 on that claim, and the assignment agreement states that Smith Ready Mix has a $28,125.36 loss in excess of the applicable policy limit. (DE # 20-2.) This indicates that Smith Ready Mix had a

$5,000 deductible. Based on the evidence in the record, Smith Ready Mix assigned any claim it has to the entire loss – including the deductible amount – to plaintiff.

Defendant claims that, even after reading the assignment agreement, it remains concerned that the "Bond/Policy provisions related to recovery" referenced in the assignment agreement, but not submitted on the record, indicates that plaintiff is not the only entity under the assignment agreement with the right to recover – otherwise there would be no use for that clause. (DE # 21 at 2.) Based on the language of the assignment agreement, and plaintiff's counsel's affidavit, there is no reason to believe that Smith Ready Mix or any other entity retains a right to recover the losses now sought by plaintiff.

## IV. CONCLUSION

For these reasons, the court **DENIES** defendant Stockberger Trucking Co., Inc.'s motion to dismiss. (DE # 12.)

**SO ORDERED.**

Date: March 15, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT